This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                  **No. A-1-CA-35527**

**ALEJANDRA RIVAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Aaron Baca, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRENCH, Judge.**

**{1}** Defendant Alejandra Rivas appeals from the district court's judgment affirming her driving while under the influence of intoxicating liquor conviction (DWI) (first offense), pursuant to NMSA 1978, Section 66-8-102(C)(1) (2010, amended 2016), following an on-record appeal from her bench trial conviction in metropolitan court. Defendant claims that her DWI conviction–a DWI per se conviction—was supported by insufficient evidence (alcohol concentration equals or exceeds .08 within three hours of driving and the concentration results from alcohol consumed before or while driving). Defendant maintains that her breath samples of .08 and .07 are of equal evidentiary weight, and thus there existed insufficient evidence of guilt. We decline to reweigh the evidence in this case, adopt the district court's resolution of this argument, and affirm Defendant's conviction.

**Sufficient Evidence Exists to Support Defendant's Conviction**

**{2}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham,*

2

2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

{3}     On the night in question, Sergeant Daniel Carr with the Albuquerque Police Department (APD) conducted the initial stop, and noted that Defendant had bloodshot, watery eyes and smelled of alcohol. APD Officer Timothy McCarson, who conducted the standardized field sobriety tests, testified that Defendant evoked a fair to moderate odor of alcohol from her person, admitted to consuming alcohol a short time before driving, and performed poorly on the field sobriety tests. Defendant then submitted to a breath alcohol test, with resulting scores of .08 and .07. The metropolitan court found Defendant guilty of DWI per se, reasoning that the .08 result was valid based on the test results of the breath alcohol test and the testimony validating the calibration check of the machine. The district court affirmed. On appeal, Defendant argues that both scores carry equal weight, in essence asserting that while the .08 score would sustain guilt, the .07 score would not.

{4}     The question for us on appeal is whether the metropolitan court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Our Supreme Court recently clarified our standard of review, where as

in the instant case, the .07 breath sample may "support[] a reasonable hypothesis of innocence[.]" *State v. Garcia*, 2016-NMSC-034, ¶ 24, 384 P.3d 1076. "[Our Supreme Court] explicitly rejected as *no longer an appropriate standard for a New Mexico appellate court* the proposition that where the evidence supports a reasonable hypothesis of innocence, the [s]tate, by definition, has failed to prove its case beyond a reasonable doubt." *Id.* (alteration, omissions, internal quotation marks, and citation omitted). In rejecting this standard of appellate review—hypothesis of innocence— which appears to intrude upon the role of the jury, our Supreme Court expressly established a "two-step process" of appellate review. *Id.* (internal quotation marks and citation omitted). Appellate courts are to "draw every reasonable inference in favor of the jury's verdict *and then* to evaluate whether the evidence, so viewed, supports the verdict beyond a reasonable doubt." *Id.* Applying this standard of review to the facts, the evidence that Defendant's sample tested at .08 and Officer McCarson's testimony that the machine was properly calibrated, together with every reasonable inference therefrom, supports the district court's conclusion of guilt for DWI per se. We therefore conclude that sufficient evidence supports Defendant's conviction beyond a reasonable doubt.

**CONCLUSION**

{5}    For the reasons stated, we affirm Defendant's conviction.

4

{6}    **IT IS SO ORDERED.**

_____
**STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**JULIE J. VARGAS, Judge**